UNITED STATES ex rel. CHERNIN et al. v. CURRAN, Commissioner.

(Circuit Court of Appeals, Second Circuit. March 2, 1925.)

No. 262.

Aliens ☞51½, New, vol. 16A Key-No. Series—May remain if, before joint resolution, directly admitted by court, though erroneously; "admitted under construction required by court decisions."

Joint Resolution of June 7, 1924 (43 Stat. 669), permitting aliens to enter and remain in the United States, without regard to Quota Act May 19, 1921 (Comp. St. Ann. Supp. 1923, §§ 4289½–4289½dd), if they had theretofore been "admitted under a construction of such act * * * required by court decisions," applies to those who had been directly admitted by court, however erroneous its ruling, as well as to those admitted by immigration authorities in deference to decisions.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Admitted.]

Appeal from the District Court of the United States for the Southern District of New York.

Habeas corpus by the United States, on the relation of Max Chernin, next friend of Chaim Teplitsky, and others, against H. H. Curran, as Commissioner, etc. From an order sustaining the writ, which released certain aliens held for exclusion by the immigration authorities, respondent appeals. Affirmed.

William Hayward, U. S. Atty., of New York City (James C. Thomas, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Lester R. Bachner, of New York City, for appellees.

Before HOUGH, MANTON, and HAND, Circuit Judges.

HAND, Circuit Judge. This case involves the exclusion of three aliens, husband, wife, and daughter, who arrived at the port of New York April 9, 1924. All were excluded as persons likely to become a public charge and as in excess of the Russian quota within which they came. The wife was in addition excluded because of physical defects which might affect her ability to earn a living; i. e., defective vision. The last point, although assigned as error, was not pressed

upon the argument or in the brief, and for that reason we ignore it, understanding that the appellant does not mean to press it.

The ground of objection urged is that all the aliens were in fact in excess of the quota which is conceded, and their answer is that the husband was within the exception of the act, because he was a "minister of a religious denomination." It appeared without contradiction in the examination before the special board of inquiry that for two years before coming to this country he had been employed as a "chohet," or ritualistic slaughterer for orthodox Jews, and as a "cantor" in the synagogue of his native town. He brought with him a paper issued by the Grand Rabbinate of Constantinople certifying him as such. Nothing more appeared. The learned District Judge wrote no opinion, but on May 12, 1924, admitted the aliens, apparently because the evidence showed the husband to be a minister of a religious denomination, and because, under our decision in United States ex rel. Gottlieb v. Curran, 285 F. 295, the wife and child were entitled to enter along with him. The appellant challenges the correctness of this conclusion, insisting that the record is barren of any evidence to show that the occupation of the husband brings him within the exception.

We do not regard it as necessary to pass upon the question which we assume to have controlled the case in the court below. The aliens were admitted, as we have said, on May 12, 1924. De facto and de jure they were within the United States before June 7, 1924. On that date Congress by joint resolution (43 Stat. 669) enacted that aliens otherwise admissible should be permitted to enter and remain in the United States without regard to the provisions of the Quota Act of May 19, 1921 (Comp. St. Ann. Supp. 1923, §§ 4289½–4289½dd), if they had theretofore been "admitted under a construction of such Act of May 19, 1921, required by court decisions." There is no question but that the wife and child were admitted by virtue of the decision of this court in United States ex rel. Gottlieb v. Curran, supra. A doubt may be raised as to the application of this resolution, so far as it touches the husband. The language is not well fitted to describe admission by a court, but seems rather to contemplate admission by the immigration authorities in obedience to such a decision. But, if thus strictly construed, it would result that, although aliens might be excluded who had been admitted by the erroneous decision of a court, others might remain who were admitted by the immigration authori-

ties in pursuance of that decision. It seems to us that the words should not be pressed so far at the expense of the plain meaning of the resolution. Congress intended to avoid the hardship of turning back aliens who had been admitted by an erroneous construction of the law, and can hardly have intended to draw a distinction between those directly admitted by the courts and others admitted in deference to those very rulings.

Finally, we are informed by the appellant itself that in Gottlieb's Case after the Supreme Court, in 265 U. S. 310, 44 S. Ct. 528, 68 L. Ed. 1031, had reversed the decision of this court, they admitted Gottlieb's wife and children in pursuance of the resolution. If so, they must have taken that view of it which we have just said to be ours, and the case becomes a controlling authority upon us. For these reasons we think that, regardless of the correctness of the ruling below, the aliens are now entitled to admission under the resolution.

Although we do not here pass upon the question whether a Jewish "cantor" or "chohet" is in fact a minister of a religious denomination, we may add that, if that question should arise in the future, we might find difficulty in ascertaining the relations of such an official to the Jewish faith, unless it appeared in evidence before the board of special inquiry. As to how far we might feel free to inform ourselves from works of standard authority, we must for the present reserve judgment; but we could certainly not upon an appeal listen to statements made by persons, however eminent, who should enlighten us ex parte.

Order affirmed.